UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZACHARY LOVE, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | Case No. 16 cv 6584 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| VILLAGE OF ADDISON, an Illinois Municipal Corporation, ROBBINS SCHWARTZ, and DAVID J. FREEMAN, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Zachary Love, filed a nine count Complaint *pro se*, alleging that defendants Village of Addison ("Addison") and law firm Robbins Schwartz and attorney David Freeman violated the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") when Addison, through its attorney Freeman, sought to collect from Love fine on 19 parking tickets. Defendants move to dismiss [13, 28] the complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, this Court grants the motions and dismisses the complaint.

**Background**

Plaintiff, Zachary Love, alleged that on December 8, 2015, he sent a letter to Addison requesting that Addison "cease and desist all contact." A copy of the letter is attached to the complaint. Love received a Notice of Liability letter from the Office of the Traffic Compliance Administrator for Addison on March 27, 2015, attempting to collect on $85.00 in outstanding parking tickets. (Dkt. 9, Ex. C). Four days later, on March 31, 2015, Love received a Notice of Liability letter from the Office of the Traffic Compliance Administrator for Addison attempting to collect on $85.00 in outstanding parking tickets. (Dkt. 9, Ex. B).

1

On April 11, 2016, Love alleges that attorney Freeman contacted him by telephone to collect on the fines for the parking violations on behalf of Addison. (Dkt. 9 at ¶ 19). On April 6, 2016, Freeman sent a letter to Love attempting to collect the parking fines. (Dkt. 9 at ¶ 22, Ex. E). On April 26, 2016, Freeman sent Love an email discussing payment arrangements for the parking fines. (Dkt. 9 at ¶ 26, Ex. F).

Love further alleges that Addison falsely reported ten unpaid parking citations, which Love contends are duplicative, to the three Credit Bureaus. (Dkt. 9 at ¶ 29). Love alleges that Addison reported ticket number MCSI#MCSIADPT02146 in the amount of $250.00 four separate times on Love's credit report; MCSI#MCSIADPT02145 in the amount of $250.00 four separate times; and MCSI#MCSIADPT02149 in the amount of $75.00 three separate times. Love attached his credit report to the Complaint. (Dkt. 9, Ex. G). On May 12, 2016, Love sent Freeman a letter requesting that defendants correct the information provided to the credit bureaus that Love alleges was inaccurate. (Dkt. 9, ¶ 38; Ex. H). Ultimately, Love corrected the information with the credit bureaus.

**Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009), and raises the right to relief above a speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Pisciota v. *Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). A plaintiff can plead himself out of court by alleging facts that defeat the claim. *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

**Discussion**

The Village of Addison and the defendant village attorney, Freeman, and his firm filed separate motions to dismiss. Both motions provide the same two bases for dismissal and thus this Court will consider the motions together.[1] Defendants first argue that Love's claims under the FDCPA are not cognizable because municipal fines are not debts covered by the statute. Defendants' second argument is that the FCRA does not provide for a private right of action. This Court first will address the FCRA argument.

In Counts VI-IX, Love alleges violations of Section 623(a)(2) of the FCRA, 15 U.S.C. § 1681s-2(a)(2). Section 1681s-2(a)(2) sets for the duty of furnishers of information to provide accurate information. However, section 1681s-2(c) expressly states that the private rights of action available under section 1681n and 1681o do not apply to section 1681s-2(a)(2) and section 1681s-2(d) limits enforcement to state and federal agencies. Therefore, Love cannot state a cognizable claim against defendants for violations of this provision; enforcement of section 1681s-2(a)(2) is the exclusive realm of state and federal agencies. Indeed, Love does not provide any response to this argument. Accordingly, this Court dismisses Counts VI-IX of the complaint.

In Counts I-V, Love alleges violations of the FDCPA for attempts by Addison and Freeman on behalf of the Village to collect the alleged unpaid parking tickets. These Counts also fail to present cognizable claims. In *Gulley v. Markoff & Krasny,* 664 F.3d 1073, 1075 (7th Cir. 2011), the court held that municipal fines are not "debts" within the meaning FDCPA. The Seventh Circuit has explained the distinction between consumer debt and municipal fines and reiterates that "efforts to collect on obligations that are created by other kinds of legal authorities, like tort law or traffic regulations, are not covered by the FDCPA." *Franklin v. Parking Revenue Recovery Servs., Inc.,* 832 F.3d 741, 744 (7th Cir. 2016).

---

[1] Plaintiff did not file a response to the motion filed by Freeman and his firm, Robbins Schwarz.

There is no dispute here that both the Village of Addison and its attorney sought to collect on municipal fines stemming from parking infractions. Love attached the various Notices and letters stating that the fines were for unpaid parking citations. The Complaint contains specific allegations referencing the tickets by number. Therefore, neither Addison nor its attorney was seeking to collect "debts" within the meaning of the FDCPA. This Court finds that Counts I-V fail to state a cognizable claim under the FDCPA and must be dismissed with prejudice.

**Conclusion**

Based on the foregoing discussion, this Court grants defendants' motions to dismiss the complaint in its entirety with prejudice [13, 28].

IT IS SO ORDERED.

ENTERED:

Dated: March 17, 2017

SHARON JOHNSON COLEMAN
United States District Judge